UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
LEROY GLADDEN,

                Plaintiff,

       -against-

CITY OF NEW YORK, MAYOR
BLOOMBERG, COMMISSIONER DORA
SCHRIRO and COMMISSIONER DEPT. OF
ENVIRONMENTAL PROTECTION,

                Defendants.
------------------------------------------------------------x

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8-29-13

12 Civ. 7822 (PKC)

MEMORANDUM
AND ORDER

P. KEVIN CASTEL, District Judge:

        Plaintiff Leroy Gladden, who is pro se, commenced this action on October 18, 2012, alleging that he was unlawfully exposed to methane gas while an inmate in Rikers Island. (Docket # 1.) He asserts that this methane exposure violated the Eighth and Fourth Amendments to the U.S. Constitution. (Docket # 1.)

        On April 23, 2013, defendants moved to dismiss the Complaint pursuant to Rule 12(b)(6), Fed. R. Civ. P. (Docket # 17.) Plaintiff filed no opposition papers and has made no communications to the Court over the succeeding four months.

        For the reasons explained, the defendants' motion is granted.

BACKGROUND

        Plaintiff asserts that from 1987 to 2002, he was exposed to methane gas at Rikers Island. (Compl't § III.B.) As stated in the Complaint: "Up until this year, the deponent was [sic] unaware of the contaminated land. Deponent received a copy of the internet this week showing the methane gas poison symptoms and the deaths on rikers [sic]." (Compl't § III.B.) He states

that he was "unknowingly exposed to methane" and that no notice of methane leaks was posted at the facility. (Compl't § III.C.) According to plaintiff, methane detectors were installed and disabled to prevent acknowledgment of the leaks, and "doctors failed to identify the cause of the ailments filed and reported while on Rikers," including plaintiff's "excessive headaches, heart palapations [sic], loss of breath, anxiety and unbalance." (Compl't §§ III.C, IV.) According to the Complaint: "Several years ago when original claims were filed they were placed under gag order to prevent public knowledge. This was known to the city defendants as license [sic] were issued for the detectors and they defendant [sic] the claims." (Compl't § III.C.) The Complaint seeks $1 million in compensatory damages, as well as treble damages and $5 million in nominal damages. (Compl't § V.)

The Complaint alleges that, by reason of the foregoing conduct, defendants subjected plaintiff to cruel and unusual punishment in violation of the Eighth Amendment. (Compl't § II.B.) Plaintiff also alleges that defendants violated the Fourth Amendment by failing to keep him "safe and secure in person, places and effects." (Compl't § II.B.)

RULE 12(b)(6) STANDARD.

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp v. Twombly, 550 U.S. 544, 570 (2007)). "'[L]abels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555). A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. However, "'detailed factual allegations'" are not necessary. Id. (quoting Twombly, 550 U.S. at 555-56).

In considering a Rule 12(b)(6) motion, all non-conclusory factual allegations are accepted as true, see id. at 678-79, and all reasonable inferences are drawn in favor of the plaintiff. See In re Elevator Antitrust Litig., 502 F.3d 47, 50 (2d Cir. 2007) (per curiam). Moreover, plaintiff's pro se pleadings are "'to be liberally construed . . . [and], however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Finally, an unopposed Rule 12(b)(6) motion is still subject to review on the merits. McCall v. Pataki, 232 F.3d 321, 322 (2d Cir. 2000).

DISCUSSION

    I.    THE COMPLAINT DOES NOT PLAUSIBLY ALLEGE AN EIGHTH AMENDMENT VIOLATION.

"To state an Eighth Amendment claim based on conditions of confinement, an inmate must allege that: (1) objectively, the deprivation the inmate suffered was 'sufficiently serious that he was denied the minimal civilized measure of life's necessities,' and (2) subjectively, the defendant official acted with 'a sufficiently culpable state of mind . . . , such as deliberate indifference to inmate health or safety.'" Walker v. Schult, 717 F.3d 119, 125 (2d Cir. 2013) (quoting Gaston v. Coughlin, 249 F.3d 156, 164 (2d Cir. 2001)). "To meet the objective element, the inmate must show that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health." Id. To meet the subjective element, the plaintiff must show that the defendant "acted with more than mere negligence," and instead knew of and disregarded an "excessive risk to inmate health or safety." Id. (quotation marks omitted). Under the Eighth Amendment, officials may not "create inhumane prison conditions, deprive inmates of basic necessities, or fail to protect their health or safety." Overton v. Bazzetta, 539 U.S. 126, 137 (2003).

Loccenitt v. City of New York, 2012 WL 3822701, at *4 (S.D.N.Y. July 30, 2012), adopted, 2012 WL 3822213 (S.D.N.Y. Sept. 4, 2012) (Crotty J.), concluded that third-party reports of environmental problems at Rikers Island were insufficient to give rise to an Eighth Amendment violation. "No facts are alleged linking any of plaintiff's alleged conditions to any of the alleged environmental toxins; all the complaint offers are plaintiff's ipse dixit pronouncements. Such conclusory statements do not satisfy Twombly." Id. Similarly, Cepeda v. Bloomberg, 2012 WL 75424, at *2 (S.D.N.Y. Jan. 4, 2012) (Pauley, J.), concluded that a report about environmental contaminants at Rikers Island "is not an adequate factual basis for [plaintiff's] claim that toxins have harmed him."

Here, as in Loccenitt and Cepeda, the plaintiff has not alleged in a non-conclusory and plausible manner "sufficiently serious" deprivations to himself or a "sufficiently culpable state of mind" on the part of defendants. See generally Walker, 717 F.3d at 125. The Complaint is premised entirely on an unidentified internet posting that apparently asserts the presence of methane on Rikers Island from 1987 to 2002. (Compl't §III.B.) Plaintiff makes no factual allegation that connects his purported injuries to methane exposure. Separately, he makes only conclusory allegations about a culpable state of mind by defendants Bloomberg, City of New York and the Department of Environmental Protection, and no allegations directed to the state of mind of defendant Schriro.

Because the Complaint does not plausibly allege facts that satisfy the subjective and objective prongs of an Eighth Amendment violation, the motion to dismiss is granted.

    II.    THE COMPLAINT DOES NOT PLAUSIBLY ALLEGE A FOURTH AMENDMENT VIOLATION.

Plaintiff asserts that defendants violated his Fourth Amendment rights by failing to keep him "safe and secure in person, places and effects." (Compl't § II.B.) "Fourth

Amendment protections extend only to unreasonable government intrusions into legitimate expectations of privacy." United States v. Balon, 384 F.3d 38, 44 (2d Cir. 2004) (quotation marks and ellipsis omitted). The Complaint asserts no intrusions into plaintiff's privacy. His Fourth Amendment claim therefore is dismissed.

### III. THE COMPLAINT DOES NOT PLAUSIBLY ALLEGE PERSONAL INVOLVEMENT BY DEFENDANTS SCHRIRO AND BLOOMBERG.

"It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." Spavone v. N.Y. State Dep't of Corr. Servs., 719 F.3d 127, 135 (2d Cir. 2013) (quotation marks omitted). Plaintiff's claims are directed to methane exposure from 1987 through 2002. (Compl't § III.B.) This Court takes judicial notice that defendant Schriro was appointed commissioner of the New York City Department of Correction on September 21, 2009[1] and that Michael Bloomberg was sworn in as mayor of the City of New York in 2002. The Complaint therefore fails to allege personal involvement by Bloomberg for any conduct that pre-dates 2002 and fails to allege any personal involvement by Schriro.

### IV. THE COMPLAINT DOES NOT PLAUSIBLY ALLEGE MUNICIPAL LIABILITY.

A municipality cannot be held liable for a damages claim unless plaintiff's injury was a result of municipal policy, custom or practice. See generally Monell v. New York City Dep't of Social Servs., 436 U.S. 658, 691-94 (1978). Plaintiff has set forth only conclusory allegations concerning a cover-up to conceal information about the alleged methane leaks at Rikers Island. This is insufficient to allege municipal liability. See Roe v. City of Waterbury,

---

[1] See http://www.nyc.gov/html/doc/html/about/comm_bio.shtml.

542 F.3d 31, 36-37 (2d Cir. 2008) (plaintiff must allege "deliberate conduct" that renders municipality "the 'moving force' behind the alleged injury.").

CONCLUSION

Defendants' motion to dismiss is GRANTED. (Docket # 17.) The Clerk is directed to enter judgment for the defendants.

Defendants' counsel is ordered to mail to the plaintiff copies of all unpublished authorities cited herein.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
August 29, 2013